IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-62-BO

| | | |
|---|---|---|
| LAUREEN CLAIRE KOEHLER, ) | | |
| Plaintiff, ) | | |
| v. ) | O R D E R | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Defendant. | | |

This cause comes before the Court on plaintiff's motion to strike defendant's defenses. Defendant has responded, and a hearing was held on the matter before the undersigned on November 14, 2012, at Raleigh, North Carolina. For the reasons discussed at the hearing and below, plaintiff's motion is granted.

## BACKGROUND

Plaintiff filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1356(b), and alternatively under the Servicemembers Group Life Insurance Act, 38 U.S.C. §§ 1965-1980A, for the negligence or wrongful acts or omissions of defendant related to the designation of beneficiary of the death gratuity and life insurance policy of plaintiff's deceased son, a private in the United States Army. Plaintiff alleges that, prior to his death, her son amended his beneficiary designations so that she would be the sole beneficiary of both policies. In its answer to plaintiff's complaint, defendant asserted five answers by way of defenses. Plaintiff has moved to strike those answers as failing to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike a from a

pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike a generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In considering whether to allow a motion to strike an affirmative defense, the Court applies the same pleading requirements as those applied to a complaint; in other words, the Court considers whether the defenses plead contain "more than labels and conclusions" or "a formulaic recitation of the cause of action." *See Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (following the majority of courts in this circuit that mandate the same pleading requirements for complaints as for affirmative defenses) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Defendant's answer by way of defenses reads as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.
2. Plaintiff lacks standing with respect to the claims alleged.
3. Plaintiff's injuries, if any, were caused or contributed to by her own negligence or fault. The contributory negligence of Plaintiff is pleaded in bar of all claims in this action.
4. If any act or omission of the United States or its employees, agents, or servants was negligent and a cause of damages alleged in Plaintiff's Complaint, which negligence and causation are not admitted but are specifically denied, the negligence of others for whose acts or omissions the United States is not liable or responsible constitute superseding or intervening causes thereby relieving the United States from any liability.
5. Defendant asserts any and all other affirmative defenses to which it may be entitled and which discovery may reveal.

The Court finds that such conclusory defenses, presented without any factual support, should be stricken. *See Racick*, 270 F.R.D. at 234-35 (citations omitted). Furthermore, defendant's defenses regarding standing, contributory negligence, intervening and superseding negligence, as well as its "placeholder" defense, as discussed at the hearing, are as plead

2

insufficient as a matter of law. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (standing requires invasion of a legally protected interest that is fairly traceable to defendant and that is likely to be redressed by a favorable decision); *McMurray v. Surety Fed. Sav. & Loan Ass'n*, 82 N.C. App. 729, 731 (1986) (element of negligence is existence of a legal duty); *Palmer v. Oakland Farms, Inc.*, No. 510cv0029, 2010 WL 2605179 *6 (W.D. Va. June 24 2010) ("a reserved right to rely on unpleaded defenses is simply not a defense of any kind, much less an affirmative one"). Finally, the Court finds that the prejudice to plaintiff in having to defend against these insufficient defenses is sufficient to warrant such a disfavored remedy. *See Tivoly Realty v. Paramount Pictures*, 80 F. Supp. 800, 803 (D. Del. 1948).

## CONCLUSION

Accordingly, for the reasons discussed above and at the hearing on this matter, plaintiff's motion to strike [DE 15] is GRANTED. Defendant's five answers by way of defenses are hereby STRICKEN. Defendant shall be permitted, however, to amend its answer so that it may reassert any affirmative defenses within fourteen (14) days of the date of entry of this order.

SO ORDERED, this 15 day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE